Dismissed and Memorandum Opinion filed July 27, 2006








Dismissed
and Memorandum Opinion filed July 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00083-CV

____________

 

WILLIAM T. OVERKA and HOANG THI
MINH TRUONG, Appellants

 

V.

 

CARMELITA BOQUIS BAURI,
Appellee

 



 

On Appeal from the 309th District
Court

Harris County, Texas

Trial Court Cause No.
03-28548

 



 

M E M O R
A N D U M  O P I N I O N

This is
an appeal from a judgment signed March 8, 2005.  Appellants filed an untimely motion
for new trial on October 17, 2005.  Appellants= notice of appeal
was filed on January 18, 2006.  The notice of appeal does not state the date
the final judgment was signed.

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See Tex. R. App. P. 26.1








Appellants= notice of appeal was not filed timely. A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by Rrule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 9 (1997) (construing the predecessor to Rule 26).  However, the
appellant must offer a reasonable explanation for failing to file the notice of
appeal in a timely manner.  See Tex.
R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959 S.W.2d at 617-18. 
Appellants= notice of appeal was not filed within the fifteen-day
period provided by Rrule 26.3

On May 25, 2005, notification was transmitted to all
parties of the cCourt=s intent to dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a).  Appellants filed a response, claiming that the March 8,
2005, order was not final and appealable because appellee had filed an appeal
of an order signed by the associate judge in February 2005.

The record reveals that, before the trial court entered the
March 8, 2005, order regarding child support, the associate judge had granted
appellants= no-evidence motion for summary judgment on appellee=s claim of civil
conspiracy.  This order granting summary judgment was signed by the associate
judge on February 16, 2005.  Appellee filed an appeal of the associate judge=s ruling on
February 21, 2005.  Although appellee was entitled to judicial review of the
associate judge=s ruling, Tex. Fam. Code Ann. ' 201.015 (Vernon
2002), she did not complain about the failure to rule on the appeal before the
March 8, 2005, final order was signed.  Thus, we find that the March 8, 2005,
order denied the appeal of the associate judge=s previous ruling,
rendering the March 9, 2005, order final and appealable.  We do not find that
aAppellee=s failure to pursue her appeal did not rendered the
March 8, 2005, order interlocutory. 








Appellants also claim that they intend to appeal an order
signed April 25, 2005, and the December 2, 2005, order denying their motion for
new trial.  The record does not contain an order signed April 25, 2005. 
Appellants claim that the April 25th order denied attorney=s fees to
appellant Hoang.  This is not a separately appealable order.  To appeal from
this order, appellants must appeal from the March 8, 2005, final order. 
Furthermore, the order of December 2, 2005, denying appellants= motion for new
trial is not a final, appealable order.[1] 
Because no notice of appeal was filed within the deadline after the signing of
the March 8, 2005, order, we have no jurisdiction over this appeal.

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed July
27, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.

 

 

 

 

 

 

 

 

 









[1]  Appellants claim that the March 8, 2005, order did
not dispose of all issues and parties because appellee=s appeal was pending and the order did not become
final and appealable until it merged with the trial court=s denial of appellants= motion for new trial.  This argument has no merit.  Even if the March
8, 2005, order had not been a final order, the deadline for perfecting the
appeal would not run from the date the motion for new trial was denied; the
deadline would run from the date the trial court entered an order disposing of
any remaining issues or parties.  The order denying the motion for new trial
did not adjudicate any issues or parties.